Citation Nr: 1452689 
Decision Date: 11/28/14 Archive Date: 12/02/14

DOCKET NO. 94-48 331 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in New York, New York


THE ISSUE

Whether the recoupment of special separation benefits by withholding Department of Veterans Affairs (VA) disability compensation in the amount of $32,844.69 was proper.


REPRESENTATION

Veteran represented by: Disabled American Veterans


WITNESS AT HEARING ON APPEAL

The Veteran and L.P.


ATTORNEY FOR THE BOARD

Jebby Rasputnis, Counsel
INTRODUCTION

The Veteran served on active duty from April to June 1977 and from October 1981 to July 1992. He was awarded special separation benefits upon his discharge.

This matter was last before the Board of Veterans' Appeals (Board) in August 2014, on appeal from a March 1993 decision of the VA Regional Office (RO) in New York, New York. In November 2004, the Board issued a decision that the full amount of the Veteran's special separation benefits ($32,844.69) was subject to recoupment. In August 2014, the Board vacated the November 2004 decision.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.


REMAND

The Veteran's DD Form 214 indicates that he was awarded special separation benefits in the amount of $32,844.69 upon separating from service in July 1992. After December 5, 1991, any recoupment of special separation benefits by VA should have been calculated based upon after-tax dollars (i.e., the total amount of special separation benefits received less the amount of Federal income tax withheld from such payment). As the only sum noted in the record is the pre-tax award amount of $32,844.69, an audit is necessary to determine the amount actually paid to the Veteran, the exact amount recouped by VA, and the post-tax amount that should have been recouped.

Accordingly, the case is REMANDED for the following action:

1. Conduct an audit of the Veteran's account to determine: whether the full amount of special separation benefits ($32,844.69) was paid to the Veteran; the amount of special separation benefits that was recouped by VA; and the amount of special separation benefits paid to the Veteran minus the amount of Federal income tax withheld from those payments. NOTE the pertinent Internal Revenue Service regulation (26 C.F.R. § 31.3402(g) -1(a)(7)(iii)) when determining the correct tax rate.
 
2. After the above development has been completed, re-adjudicate the Veteran's claim. If the claim remains denied, issue a Supplemental Statement of the Case and afford the Veteran and his representative the opportunity to respond. The case should then be returned to the Board.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2014).



_________________________________________________
Donnie R. Hachey
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of the appeal. 38 C.F.R. § 20.1100(b) (2014).